IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JEAN MICHAUD, *et al.*,                              *

    Plaintiffs,                              *

        v.                              *                    CIVIL NO.: WDQ-12-0815

J.P. MORGAN CHASE BANK, N.A.,                        *
*et al.*,                                            *

    Defendants.                             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Jean and William Michaud sued JPMorgan Chase Bank, N.A. ("Chase")[1] and Mortgage Electronic Registration System, Inc. ("MERS") for violations of the Truth In Lending Act (the "TILA")[2] and the Federal Trade Commission Act (the "FTC Act").[3]  For the following reasons, the Court will grant the Defendants' motion to dismiss.

I. Background[4]

On February 23, 2007, the Michauds refinanced their home by borrowing $749,000 from Fremont Investment & Loan Corporation

---

[1] The complaint refers to Chase as "J.P. Morgan Chase Bank, N.A."

[2] 15 U.S.C. §§ 1601, *et seq.*

[3] 15 U.S.C. §§ 41, *et seq.*

[4] For the motion to dismiss, the well-pled allegations in the Michauds' complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

and securing the loan with a deed of trust that named MERS as the beneficiary and nominee for the lender and the lender's assigns.  Compl. ¶ 2; Mot. to Dismiss, Ex. A at 2-3.  On May 22, 2009, MERS assigned its rights, title, and interest under the deed of trust to Chase.  Compl. ¶ 2; Mot. to Dismiss, Ex. B. Neither MERS nor Chase told the Michauds that the loan had been transferred to Chase.  Compl. ¶¶ 2-3.

On June 22, 2009, Chase sought to foreclose on the Michauds' home.  Mot. to Dismiss, Ex. E.  On June 29, 2009, they were served with an ownership affidavit stating that Chase was the owner of the loan.  Mot to Dismiss, Ex. C.

On February 28, 2012, the Michauds sued MERS and Chase in the District Court of Maryland for Baltimore County, seeking $14,000 in damages.  On March 15, 2012, the Defendants removed the action on the basis of federal question jurisdiction.  ECF No. 1.  On March 19, 2012, the Defendants moved to dismiss.[5]

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a

---

[5] ECF No. 9.  The Michauds have not responded, and the time for filing a response has passed.  *See* Local Rule 105.2 (memorandum in opposition must be filed within 14 days after service of the motion).

complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)).

3

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not show[n] -- that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. The Defendants' Motion to Dismiss

The Michauds assert that the Defendants violated the TILA and the FTC Act by failing to provide notice that MERS had transferred their loan to Chase.  Compl. ¶¶ 2-5.

The Defendants counter that the TILA claim is time-barred, and the FTC Act provides no private cause of action.  Mot. to Dismiss ¶¶ 13, 16.

1. The TILA Claim Is Time-Barred

Within 30 days after a mortgage loan is transferred to a third party, the new owner must notify the borrower in writing

of the transfer.  15 U.S.C. § 1641.  A borrower may seek damages for failure to provide the written notice, but only if the civil action is filed "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

The Michauds' lawsuit is untimely.  Any alleged violation for failure to provide notice of the transfer occurred no later than June 21, 2009 -- 30 days after the May 22, 2009 transfer.  *See* 15 U.S.C. § 1641.  Thus, the Michauds had until June 22, 2010, to file a claim for damages under the TILA.[6]  Because the Michauds did not sue until February 28, 2012, their TILA claim must be dismissed as time-barred.[7]

2. The FTC Act Does Not Provide A Private Cause of Action

The TILA provides that "a violation of any requirement imposed under [the TILA] shall be deemed a violation of a

---

[6] *See* 15 U.S.C. § 1640(e).  June 21, 2009, was a Sunday.  Had the 30-day notice period been extended to the following Monday, the Michauds would have had until June 23, 2010 to sue, and the lawsuit would still have been untimely.

[7] TILA claims are subject to equitable tolling when the plaintiff has alleged fraudulent concealment and the inability, despite due diligence, to discover the fraud.  *See Brown v. Wilmington Fin.*, Case No. CCB-11-699, 2012 WL 975541, at *4 (D. Md. Mar. 21, 2012).  Because the Michauds have not alleged fraud, equitable tolling does not apply.  Were the Court to assume fraudulent concealment, the lawsuit would still be untimely.  The Michauds knew by June 29, 2009, that Chase owned the loan, and they have not explained why they waited more than two years to sue.  *See* Mot. to Dismiss, Ex. C (ownership affidavit); *Barnes v. West, Inc.*, 243 F. Supp. 2d 559, 566 (E.D. Va. 2003) (equitable tolling is inapplicable when "the delay in filing the TILA claim is attributable to . . . ignorance of the law, not to any affirmative act of concealment by [the] defendant").

requirement imposed under the [FTC] Act."[8]   But "[t]he Supreme Court has long held that private plaintiffs may not bring suits to enforce statutes that do not provide a private cause of action."[9]   "[U]nder the FTC Act[,] no private party . . . has standing to sue."[10]   Accordingly, the Court must dismiss the Michauds' claim under the FTC Act.

III. Conclusion

For the reasons stated above, the Court will grant the Defendants' motion to dismiss.

_____4/24/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[8] 15 U.S.C. § 1607(c).  This subsection is titled "Overall enforcement authority of the Federal Trade Commission." *Id.*

[9] *L.J. v. Wilbon*, 633 F.3d 297, 307 (4th Cir. 2011), *citing Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) *and Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002).

[10] *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Case No. DKC-10-3517, 2011 WL 3476994, at *13 (D. Md. Aug. 8, 2011) (internal citation and quotation marks omitted).  *See also A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 675 (4th Cir. 1986) ("courts have declined to imply any private right of action [under the FTC Act] and have relied upon the regulatory scheme to police the industry"); *accord Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996) ("there is no private cause of action for violations of the Federal Trade Commission Act"); *R.T. Vanderbilt Co. v. Occupational Safety & Health Review Comm'n*, 708 F.2d 570, 574-75 n.5 (11th Cir. 1983) ("[A]lthough members of the public may have a primary legal right as the beneficiaries of a statutorily imposed duty, . . . . [a]uthority to sue under the statute might only be vested in a government official or agency, as in . . . the Federal Trade Commission Act[.]").